## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SEYON R. HAYWOOD,           )
                                  )
          **Plaintiff,**        )
                                  )
**vs.**                            )     **CIVIL NO. 09-cv-807-MJR**
                                  )
JODY HATHAWAY, et al.,      )
                                  )
          **Defendants.**     )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Seyon Haywood, formerly an inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### THE COMPLAINT

On January 9, 2009, Haywood states that he was assaulted by his auto mechanics teacher, Rick Odum. According to Haywood, Odum pushed him hard with both hands, almost knocking him down. Haywood reported this incident to Defendant Collier, who placed Haywood in administrative segregation. Ten days later, Haywood received a disciplinary ticket from Collier charging him with providing false information regarding the incident with Odum. Apparently the other inmates in the class did not corroborate Haywood's version of events, nor did Odum. At the hearing, Defendants Rockwell and Russell found him guilty; Haywood was punished with two months in segregation, two months reduction to C-grade, and the loss of one month of good conduct credit. Haywood filed an emergency grievance with the warden, Defendant Hathaway, who did not respond.

During his sixty days in segregation, Haywood was subjected to extremely cold conditions in his cell. He states that in mid-January, the prison was hit with an ice storm that left them without power for four days. He alleges that Hathaway refused to turn on heat generators or cover the

windows with plastic, nor would he provide Haywood extra blankets.  Haywood states that there was ice on the inside of his room due to the extreme cold, and most of his meals were nearly frozen.

## DISCIPLINARY PROCEEDING

Haywood alleges that he was subjected to disciplinary proceedings by Collier, Rockwell, Russell and Hathaway out of retaliation for Haywood's report that Odum had assaulted him.  In essence, he alleges that but for their retaliatory motives, he would not have received a ticket, nor been found guilty by the Adjustment Committee and punished with two months in segregation, two months reduction to C-grade, and the loss of one month of good conduct credit.

In the instant case Haywood is challenging the underlying motivation for his punishment, as well as the validity of the charges.  Proof of such a claim could invalidate the disciplinary proceeding, which in turn would invalidate his punishment of the revocation of good time credit. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Haywood has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Haywood's claim.

Accordingly, Haywood's claims regarding this disciplinary proceeding (Counts 1-4) will be dismissed without prejudice to his pursuing his claims through the appropriate venues.

## CONDITIONS OF CONFINEMENT

As summarized above, Haywood alleges that he was subjected to extremely cold conditions while in segregation in January 2009.

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

Based on these standards, the Court is unable to dismiss this claim (Count 5) against Hathaway at this time.

## APPOINTMENT OF COUNSEL

Haywood also requests that the Court appoint him counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

With regard to the first step of the inquiry, Haywood simply states that he has contacted three law firms, which may not constitute a "reasonable attempt."  With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand."  *Id*.  Haywood's claims are not that factually complex, as discussed above.  Thus, based on Haywood's pleadings in this case, this Court concludes that - at this time - he appears to be competent to litigate his case.  Therefore, his motions for the appointment of counsel (Docs. 3, 6, 10) are **DENIED**, without prejudice.

## DISPOSITION

   **IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2, COUNT 3** and **COUNT 4** are **DISMISSED** from this action with prejudice.  Further, Defendants **COLLIER, ROCKWELL** and **RUSSELL** are **DISMISSED** from this action with prejudice, as no claims remain pending against them.  Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g).  *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

   The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **HATHAWAY**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

   The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on  Defendant **HATHAWAY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint,

applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 24th day of May, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**