IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEYON R. HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09−cv−0807−MJR−SCW |
| | ) |
| JODY HATHAWAY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

This action came before the Court on Plaintiff Seyon Haywood's ("Haywood") Motion to Compel Production of Documents and Answers to Interrogatories (Doc. 43). Haywood's only remaining claim in this action is that Defendant Jody Hathaway, the Warden of Shawnee Correctional Center ("SCC") and the only remaining defendant, violated the Eighth Amendment's proscription against cruel and unusual punishment when he subjected Haywood—who was then being held in the SCC's segregation unit—to extreme cold temperatures and inadequate protective clothing or bedding during an ice storm in the winter of 2009. On September 28, 2011, the Court held a hearing on Haywood's motion to compel (Doc. 43). The following Order is a summary of the Court's rulings on the Record at the motion hearing and as such, it is *not* intended to alter or amend those rulings in any way.

The Court first took up Defendant Hathaway's Objections to Haywood's Requests for Production of Documents (RFP) (Doc. 43-1) which Haywood allegedly sent to Defendant Hathaway on May 31, 2011. The only Objections that remained unresolved were to RFPs Numbers 2, 4, 5, 6, 7, 9, and 12. The Court took up each RFP and the corresponding Objection in turn and ruled as follows:

1) <u>RFP No. 2</u>:  Defendant Hathaway objected to this Request because he is exempt from initial disclosures and the Objection was SUSTAINED on that ground.

2) <u>RFP No. 4</u>:  Defendant Hathaway's Objection was SUSTAINED, but only on the basis that this Request is overly broad and well beyond the allegations contained in Haywood's Amended Complaint.  The Objection was OVERRULED on all other grounds; specifically, that the Illinois Personnel Records Review Act bars disclosure and that these documents are not in Defendant Hathaway's possession.

3) <u>RFP No. 5</u>:  The Court SUSTAINED Defendant Hathaway's Objection to this Request based on the ground that he could not find any information responsive to this Request.  However, Defendant Hathaway was DIRECTED to double check his answer to ensure that no responsive information in fact exists.

4) <u>RFP No. 6</u>:  Defendant Hathaway's Objection was SUSTAINED, but only on the ground that this Request is overly broad and vague.  The Objection was OVERRULED on all other grounds; specifically, that the Illinois Personnel Records Review Act bars disclosure and that these documents are not in Defendant Hathaway's possession.

5) <u>RFPs Nos. 7 & 8</u>:  the Court OVERRULED Defendant Hathaway's Objections to these Requests in part and DIRECTED Defendant Hathaway to provide Haywood with a copy of any documents relating to any complaints, grievances or disciplinary actions that were directed at Defendant Hathaway *and* pertain to conditions of confinement, *and* specifically, complain of cold temperatures and/or inadequate clothing or bedding in SCC's segregation unit during the relevant time period of October 2008 through March 2009.

6) <u>RFP No. 9</u>:  the Court OVERRULED this Objection in part and DIRECTED Defendant Hathaway to provide this information to Haywood to the extent that there are any documents that are responsive to the Request and pertain to the specific conditions of confinement concerns at issue in Haywood's case: cold cell temperatures and/or lack of adequate clothing or bedding in the segregation unit.

7) <u>RFP No. 12</u>:  Defendant's Objection to this Request was OVERRULED.  If at any time from 2004 to present there were any other lawsuits filed against Defendant Hathaway regarding conditions of confinement, and specifically, cold temperatures and/or the adequacy of clothing or bedding in SCC's segregation unit, Defendant Hathaway was DIRECTED to identify those lawsuits to Haywood.

The Court next considered Haywood's First Set of Interrogatories to defendant Jody Hathaway (Doc. 43-2).  Of twenty-one Interrogatories posed by Haywood, only Defendant Hathaway's Objections to Interrogatories Numbers 8, 9 and 15 remained in dispute.  The Court

took up each of these Interrogatories and Defendant Hathaway's respective Objections in turn and ruled as follows:

1) <u>Interrogatory No. 8</u>: the Court SUSTAINED Defendant Hathaway's Objection based on relevance *except*, to the extent Defendant Hathaway can recall any grievances or complaints filed against him since he became Warden in 2006 relating to conditions of confinement, and specifically, those relating to cold temperatures and/or the adequacy of clothing or bedding in segregation, then Defendant Hathaway should identify, describe and disclose those grievances or complaints.

2) <u>Interrogatory No. 9</u>: Defendant's Objection to this question was SUSTAINED in part and OVERRULED in part in the exact same manner as is described regarding Interrogatory No. 8 above.

3) <u>Interrogatory No. 15</u>: Defendant's Objection here was SUSTAINED. Defendant Hathaway's Answer was adequate and Haywood's attempt to compel a more complete answer is DENIED.

In light of the foregoing rulings, Plaintiff Seyon Haywood's Motion to Compel (Doc. 43) was **GRANTED in part and DENIED in part**. All of Defendant Hathaway's responses SHALL be provided to Haywood **on or before November 10, 2011.**

Finally, the Court took up Defendant Hathaway's Motion for Extension of Time to File Dispositive Motions. For good cause shown, and after consultation with District Judge Michael J. Reagan, Defendant Hathaway's motion was **GRANTED in part**. Accordingly, Defendant Hathaway SHALL file his dispositive motion, if any, **on or before Friday, October 14, 2011.** The Court ADVISED Defendant Hathaway in open court that NO FURTHER EXTENSIONS WILL BE GRANTED.

**IT IS SO ORDERED.**

DATED: September 28, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge