IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEYON R. HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09−cv−0807−MJR−SCW |
| | ) |
| JODY HATHAWAY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

In this § 1983 action, Plaintiff Seyon Haywood alleges Defendant Jody Hathaway, the warden at Illinois' Shawnee Correctional Center ("SCC"), violated Haywood's *Eighth Amendment* right to be free from cruel and unusual punishment.[1] Specifically, Haywood claims Hathaway denied him adequate bedding, clothing, and housing during the winter of 2008–09. Hathaway has moved for summary judgment, but Haywood has not yet filed a response brief. Instead, a discovery dispute and misunderstanding prompted a flurry of motions. Now before the Court, then, are seven discovery-related motions.

In a September 2011 discovery order, this Court directed Defendant Hathaway to "provide Haywood with a copy of any documents relating to any complaints, grievances or disciplinary actions that were directed at Defendant Hathaway *and* pertain to conditions of confinement, *and* specifically, complain of cold temperatures and/or inadequate clothing or bedding in SCC's segregation unit during the relevant time period of October 2008 through March 2009." (Doc. 57, 2)

---

[1] The *Eighth Amendment* applies to Illinois through the *Fourteenth Amendment's* Due Process Clause. *See Robinson v. California*, 370 U.S. 660, 666 (1962).

(emphasis in original). Hathaway was ordered to provide Haywood the discovery responses by November 10, 2011.

But on November 10, three motions were filed instead: Defendant Hathaway moved for an extension of time to comply with the September discovery order (Doc. 66); Edward Huntley (Special Litigation Counsel for the IDOC) moved to intervene pursuant to Federal Rule of Civil Procedure 24 (Doc. 64); and Huntley moved for Reconsideration of the September Discovery Order (Doc. 65). At the heart of the IDOC's motions was the notion that a 260-hour search of 3,048 inmate files was necessary. In supplemental motions, Defendant and the putative Intervenor claim such an exhaustive search was begun because of an unintentional reading of the September discovery order (Docs. 73–74). In short, the IDOC thought it had to sift through the file of every inmate housed at SCC from October 2008–March 2009, not just the offenders who were in SCC's segregation unit.

Plaintiff Haywood, on his part, had moved to suspend summary judgment (Doc. 62). (This Court construes that motion as a plea for an extension of time). Once the Defendant (and putative Intervenor) filed the November 10 motions, Haywood filed a response to those motions and moved for sanctions, theorizing that the IDOC and Defendant were engaging in stall tactics (Docs. 67–68).

The Court held a video hearing on December 13, 2011. After considering additional argument from Mr. Haywood, the Defendant, and the putative Intervenor, the Court rules as follows:

Plaintiff's Motion for Sanctions (**Doc. 68**) is **DENIED**. The Court understands Mr. Haywood's frustration at the pace of discovery. But the Court finds the delay is not a result of bad faith or stall tactics on the part of Defendant Hathaway or the IDOC. The state's misreading of the Court's September 28 discovery order is an honest mistake. It would defy logic that the IDOC

would submit itself to such extraordinary expense—casting a net over 3,048 inmate files at 25 state institutions—just to stall this case.

Because of the current state of the case—i.e., because Defendant has still not unearthed all responsive discovery—Defendant's Motion for Extension of Time (**Doc. 66**) is **GRANTED IN PART** and **DENIED IN PART**.  Likewise, the IDOC's Motion for Reconsideration (**Doc. 65**), as well as the supplemental motions (**Docs. 73–**74) are **GRANTED IN PART** and **DENIED IN PART**.  The Court finds that the documents requested may very well be relevant to Plaintiff's claims.  This is especially true because Defendant, in his Motion for Summary Judgment, argues that Defendant was only on notice of one complaint—the Plaintiff's—concerning cold temperatures, and that Defendant adequately responded to that complaint.  The Court also finds that Plaintiff's allegations are not necessarily *de minimus*.  Plaintiff's request is therefore entirely appropriate despite the burden of production.

So Defendant **SHALL produce all responsive documents to Plaintiff Haywood on or before JANUARY 13, 2012**.  Although Defendant requested an additional 60 days to respond to Mr. Haywood's request, in light of the District Court's trial setting in the case (March 12, 2012), such a delay would not allow sufficient time to complete briefing on the summary judgment motion and give the Court time to rule.[2]

Plaintiff's Motion to Suspend Summary Judgment (**Doc. 62**, construed as a motion for extension of time) is therefore **GRANTED**.  Haywood SHALL file his response to Defendant's Motion for Summary Judgment on or before **January 27, 2012**.

---

[2] The Court also notes that Plaintiff Haywood, in his responsive pleadings filed on 11/21/2011, clearly put the Defendant and putative Intervenor on notice that they were misinterpreting this Court's September discovery order (Docs. 67–68).  Inexplicably, this did not cause Defendant or putative Intervenor to modify their position with the Court.

The IDOC's Motion to Intervene (**Doc. 64**) is **DENIED**. Federal Rule 24 contemplates intervention by a party who has a claim or defense that shares with the main action a common question of law or fact. **Fed. R. Civ. P. 24(b)(1)(B).** IDOC's plea that discovery is too onerous does not fall under Rule 24's purview.

**IT IS SO ORDERED**.
DATED: 12/13/2011

>        /s/ *Stephen C. Williams*
>       STEPHEN C. WILLIAMS
>       United States Magistrate Judge